NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 7, 2019*
Decided January 9, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

DIANE S. SYKES, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-2958

| | |
|---|---|
| RONALD L. KUPSKY, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Eastern District of Wisconsin. |
| *v.* | No. 18-C-757 |
| OUTAGAMIE COUNTY and MICHAEL W. GAGE, | Lynn Adelman, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Ronald Kupsky, a Wisconsin inmate, sued the judge who presided over his state-court criminal case and the county where the proceedings were held for violations of his due-process rights during the taking of his plea of no contest. Specifically, Kupsky alleged that the judge failed to inform him of all potential consequences of the plea, including the possibility that he could be placed on the sex-offender registry. The district court dismissed Kupsky's complaint for failure to state a claim, see 28 U.S.C.

_____

* We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. See FED. R. APP. P. 34(a)(2)(C). The defendants were not served with process in the district court and are not participating in this appeal.

§ 1915A(b). To the extent Kupsky seemed to challenge the validity of his state-court conviction, the court found his case barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), because success on his claim—that the judge erroneously accepted his plea— would necessarily imply the invalidity of his criminal conviction. And insofar as he wished to proceed with a claim under 42 U.S.C. § 1983, the court concluded that the state-court judge was protected by absolute immunity. Finally, the court explained that Kupsky had not stated a claim against the county because he had not asserted that any deprivation of his constitutional rights arose out of an official policy or established custom. See *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978).

On appeal, Kupsky argues only that the state-court judge was not entitled to absolute immunity because his handling of the case was "egregious." He does not mention his claim against Outagamie County, and so we consider it abandoned at this point and do not discuss it further.

Whether a judge has absolute immunity turns on whether the act in question was judicial in nature; the severity of any possible error is irrelevant. See *Stump v. Sparkman*, 435 U.S. 349, 359–60, 363 (1978). Kupsky does not argue, nor could he, that the acceptance of his no-contest plea is not a "function normally performed by a judge." See *id.* at 362. And even if the judge were not entitled to immunity, Kupsky's suit would still be *Heck*-barred, as the district court properly explained. See *Burd v. Sessler*, 702 F.3d 429, 435–36 (7th Cir. 2012).

For the foregoing reasons, we AFFIRM the dismissal of Kupsky's suit and assess a strike, in addition to the one he incurred in the district court, under 28 U.S.C. § 1915(g). See *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).